Steven D. Gitman, Philadelphia, Pa., for plaintiff.

Susan Dein Bricklin, Asst. U.S. Atty., for defendant.

**Helen R. TRINKNER**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services.**

**Civ. A. No. 85–1397.**

United States District Court, E.D. Pennsylvania, Civil Division.

April 5, 1988.

## MEMORANDUM AND ORDER

VAN ANTWERPEN, District Judge.

This matter is before me on DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT (filed February 17, 1988). For the reasons given below, I will deny the motion. However, in light of the delay in computing benefits, I will order the Secretary to proceed without delay to compute and pay benefits to plaintiff based on an eligibility date of September 30, 1969 and an application date of August 29, 1983.

This case differs from the usual appeal from a denial of eligibility in that the initial application for disability benefits was filed almost fourteen years after the onset of disability. The application was filed on August 29, 1983. It was determined before the Administrative Law Judge that the last day of eligibility for benefits was September 30, 1969. In order to be eligible for

benefits, the plaintiff had to show that her disability dated prior to that date. Her application was denied initially on October 19, 1983, and upon reconsideration on November 14, 1983. A hearing was held before Administrative Law Judge Edward L. Newberger on July 11, 1984, and he handed down his opinion denying benefits on October 23, 1984. The Appeals Council denied review of the Administrative Law Judge's decision on February 7, 1985.

The plaintiff filed her complaint in this court on June 12, 1985, and after two extensions requested by defendant, an answer was filed on October 18, 1985. Plaintiff filed for Summary Judgment on November 29, 1985. A Report–Recommendation of United States Magistrate Richard A. Powers, III, recommending Summary Judgment in favor of the plaintiff, was entered on March 17, 1986. This court entered Summary Judgment in favor of plaintiff on April 8, 1986. No motion to amend or appeal was filed within the prescribed period. Twenty-two months later, on February 17, 1988, defendant filed the motion for relief from judgment.

Fed.R.Civ.P. 59(e) requires that a motion to amend a judgment must be made not more than ten days after the entry of judgment. Fed.R.App.P. 4(a)(1) requires that an appeal taken by the United States or an officer or agency thereof must be taken within sixty days after the date of entry of judgment, subject to further extension under F.R.App.P. 4(a)(5) of up to thirty days at the discretion of the district court upon motion filed. Fed.R.Civ.P. 60(b) provides:

"On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken ..."

Twenty-two months is unreasonable under any measure for relief from a judgment where the order was clear on its face and where the law is well known to the defendant, as in this case. It also shocks the conscience of this court that implementation of its order should have been so long delayed. There is simply no legal or equitable principle under which this court could grant relief to the defendant after twenty-two months where both the law and the order are clear on their faces.

That does not end the matter. Judging by defendant's motion and plaintiff's answer, they are both under a misunderstanding of the issue that was before this court and resulted in the order of April 8, 1986. The sole issue that was before the court was the *eligibility* for benefits, not the *calculation* of benefits. The relevant findings of the Administrative Law Judge, from which appeal was taken, were:

"1. The claimant last met the special earnings requirements of the Act on September 30, 1969.

.    .    .    .    .

6. The claimant was not under a 'disability', as defined in the Social Security Act, commencing prior to September 30, 1969.

## DECISION

It is the decision of the Administrative Law Judge that, based on the application filed on August 29, 1983, the claimant is not entitled to a period of disability or disability insurance benefits under sections 216(i) and 223 respectively, of the Social Security Act."

Therefore, the recommendation of the United States Magistrate and the judgment of this court are consistent with the law in that they recommend and order only that the Secretary of Health and Human Services calculate and award benefits payable to plaintiff under the law. The order is not that benefits be *paid* from September 30, 1969, but that they be calculated based on an eligibility date of September 30, 1969.

An appropriate order follows.

## ORDER

AND NOW, this 5th day of April, 1988, upon consideration of DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT (filed February 17, 1988) and plaintiff's answer thereto, it is hereby ORDERED that:

1. The motion is DENIED.

2. Defendant is ordered forthwith and without delay to calculate and pay to plaintiff benefits prescribed by law based on an eligibility date of September 30, 1969 and an application date of August 29, 1983, including any interest and retroactive benefits to which she may be entitled.